**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:01cr115 |
| ) | |
| MELVIN MATTHEW RUMPH ) | |
| ) | |

**ORDER**

This matter is before the Court on defendant's *pro se* motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.[1]

I.

On March 26, 2001, defendant pled guilty to a one-count criminal information charging him with conspiracy to distribute fifty grams or more of "crack" cocaine in violation of 21 U.S.C. § 846. Defendant was released with conditions pending sentencing, but his pre-sentencing release was subsequently revoked after he violated the conditions of his release by failing four drug tests.

Ultimately, on June 1, 2001, the defendant was sentenced to 262 months incarceration, to be followed by five years of supervised release. Defendant did not appeal his conviction or sentence to the Court of Appeals for the Fourth Circuit; he waived his appeal rights as part of his plea agreement. Instead, on April 30, 2005, nearly four years after his sentencing, defendant mailed the

---

[1] *See Untied States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required...on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

instant § 2255 motion to the Clerk's office in this District. The motion was subsequently filed on July 21, 2005. In his motion, defendant argues that his plea was involuntary because he was under the influence of drugs at the time of the plea; that he was ineffectively represented by counsel because his attorney knew that he was under the influence of drugs at the time of the plea; and that his sentence resulted from a mistaken application of the Federal Sentencing Guidelines.

II.

At the outset, the government alleges that defendant's claim is barred by the one-year statute of limitations applicable to § 2255 motions, because the motion was not filed until almost four years after defendant's sentencing. Defendant, in response, claims that his motion raises a "jurisdictional issue" and thus may be raised at any time. He further contends that the one-year statute of limitations should be tolled in this instance to avoid "a grave miscarriage of justice" because he is innocent of the charges.

In order to determine if defendant's motion is time barred, the date the statute of limitations began to run must be ascertained. A defendant must file a motion under § 2255 within one year of when "the judgment of conviction becomes final." *See* 28 U.S.C § 2255 ¶ 6(1). In this case, the defendant pled guilty on March 26, 2001. A guilty plea becomes final when the defendant is sentenced, which in this case was on June 1, 2001. *See* Rule 11(e), Fed. R. Crim. P. Thus, because the defendant waived his right to appeal his sentence as part of the plea agreement,[2] the one-year statute of limitations applicable to § 2255 motions began to run on June 1, 2001.

---

[2] Even assuming defendant argues that his plea agreement was unknowing and involuntary, his failure to pursue a direct appeal on this issue does not alter the fact that the statute of limitations began running on June 1, 2001. *See U.S. v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that a conviction becomes final on the date a prisoner declines to pursue a direct appeal).

Next, it must be determined when the defendant's § 2255 motion was filed. Under the "prison mailbox rule," a *pro se* defendant's *habeas* motion is considered filed when it is dispatched by the defendant through the prison's mail system. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (applying prison mailbox rule to *pro se* prisoner's filing of a *habeas* motion). Thus, for statute of limitations purposes, the defendant filed the instant motion when he placed it in the prison mailing system on April 30, 2005.

The defendant's April 30, 2005 filing was three years, ten months, and twenty-nine days after the judgment against the defendant became final on June 1, 2001. Thus, the filing was well outside § 2255's one-year limitations period.

Although the motion was filed well outside the limitations period, a court may nonetheless toll the one-year statute of limitations where it would be unconscionable to enforce the limitations period against the prisoner. *See U.S. v. Prescott,* 221 F.3d 686, 688 (4th Cir. 2000). Yet, unconscionability will be found only where circumstances outside of the prisoner's control prevented the prisoner from filing the motion within the one-year limitations period. *Id.* In this case, defendant argues simply that the limitations period should be tolled because his motion raises a "jurisdictional issue" that is not subject to the statute of limitations and that he is innocent of the charges. Defendant does not provide any authority for either of these propositions; nor does he establish that these issues prevented him from filing his § 2255 motion within the one-year limitations period; nor is a bare claim of innocence sufficient to overcome the statute of limitations. Thus, no grounds for tolling the statute of limitations exist here.

III.

In sum, because the defendant filed this § 2255 motion almost four years after his conviction

became final, the motion is time barred by § 2255's one-year statute of limitations.

Accordingly, it is hereby **ORDERED** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, is **DENIED**.

Should defendant wish to appeal this Order, he must do so within sixty (60) days, pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed to send a copy of this Order to defendant and all counsel of record.

_____/s/_____

Alexandria, VA
July 7, 2006

T. S. Ellis, III
United States District Judge